## Fort Worth & Denver City Railway Company v. W. H. Beauchamp.

### No. 1091. Decided May 26, 1902.

**1.—Railway—Carriage of Explosives—Nuisance.**

Though the mere fact that a railway has in its cars, for transportation, high explosives, threatening danger to persons or property along its line, does not render it guilty of a nuisance, as is the case with owners of magazines or places for storing such explosives creating unreasonable danger, a nuisance may result from its negligent exercise of the duty to carry such explosives, as in subjecting persons and property along its line to danger for a longer time, or to a greater degree than necessary. (Pp. 499; 500.)

**2.—Same—Negligence.**

See circumstances attending the keeping of a car of high explosives standing on the track of a railway, in a town, unnecessarily long, and in a needlessly exposed situation, held to furnish evidence of negligence on the part of such carrier. (Pp. 497-501.)

**3.—Same—Proximate Cause.**

Injury to plaintiff's residence by the explosion of a car of giant powder standing 800 yards away, upon the track of a railway, was not too remote to prevent recovery for negligence causing it, consisting in unnecessarily delaying the removal of the car. (P. 501.)

Questions certified from the Court of Civil Appeals for the Second Judicial District, in an appeal from Montague County.

*Stanley, Spoonts & Thompson* and *Robert Harrison,* for appellant.— The court erred in overruling the defendant's motion for a new trial, for the reason that the judgment is contrary to the law and the evidence, and is unsupported by the evidence, there being no evidence of any negligence on the part of the defendant, which caused the explosion of the car of powder. Railway v. Oakes, 58 S. W. Rep., 999; Barnes v. Zettlemoyer, 62 S. W. Rep., 111; Kinney v. Coopman, 67 Am. St. Rep., 119; Slayton v. Railway Co., 59 N. W. Rep., 510; Walker v. Railway Co., 33 N. W. Rep., 225; Parrott v. Express Co., 15 Wall., 524.

The court erred in overruling the defendant's motion for a new trial, for the reason that the judgment is unsustained by the testimony and is contrary to the law and the testimony, because it is shown by the evidence that the injury complained of was not the proximate result of the delay of the car at Bowie, and was not the proximate result of any negligence on the part of the defendant, and was not such an occurrence or happening as could or would have been reasonably foreseen by the defendant at the time it received or held the car at Bowie, but was the result of an intervening cause, which directly and immediately caused the injury, with which the defendant was not connected.

The damages sought to be recovered here are too remote and are not the proximate result of holding the car at Bowie. The holding of the car was not the cause of the accident, but it was caused by an intervening efficient cause, and if it should be held that the defendant was negligent in delaying the car at Bowie, yet it is not liable for these damages,

because they were produced and brought about by an independent agency. Atkinson v. Goodrich, 60 Wis., 141; Lewis v. Flint, 54 Mich., 55; Scheffer v. Railway, 105 U. S., 249; Railway v. Trich, 11 Atl. Rep., 627; Hoadley v. Transportation Co., 115 Mass., 304; Railway v. Reeves, 10 Wall., 191; Morrison v. Davis, 20 Pa. St., 171; Denny v. Railway, 13 Gray, 481; Railway v. Burrows, 33 Mich., 6; Railway v. Insurance Co., 139 U. S., 223; James v. James, 23 S. W. Rep., 1099; Jones v. George, 61 Texas, 352; Light & P. Co. v. Lefevre, 57 S. W. Rep., 641; Smith v. Railway, 58 S. W. Rep., 152; Railway v. Bigham, 38 S. W. Rep., 162; Roe v. Thomason, 61 S. W. Rep., 528.

*Speer & Speer* and *Jas. A. Graham,* for appellees.—There was ample evidence of negligence on the part of defendant, which caused the explosion, wherefore it was proper for the court to overrule the motion for a new trial based upon this ground. Beauchamp v. Railway, 15 N. W. Rep., 68; Kay v. Railway, 65 Pa. St., 269; Slayton v. Railway, 59 N. W. Rep., 510; Parrott v. Express Co., 15 Wall., 524; Railway v. Wood, 63 S. W. Rep., 164; Judson v. Powder Co., 40 Pac. Rep., 1020; 29 Law Rep. Ann., 718; 48 Am. St. Rep., 146; McCray v. Railway, 34 S. W. Rep., 95; Howser v. Railway, 30 Atl. Rep., 907; Dunlap v. The Reliance, 2 Fed. Rep., 249; Spear v. Philadelphia, 119 Pa., 61; Fay v. Davidson, 13 Minn., 523; Railway v. Walrath, 36 Ohio St., 461; White v. Railway, 144 Mass., 404; Railway v. McCool, 83 Ind., 392; Walker v. Railway, 33 N. W. Rep., 225; Railway v. Conway, 5 Pac. Rep., 142; Wright v. Railway, 27 Ill. App., 200; Power v. Harlow, 19 N. W. Rep., 527; 23 N. W. Rep., 606; Clarkin v. Company, 67 N. W. Rep., 1020; Kinney v. Koopman, 22 So. Rep., 593; Meyers v. Malcomb, 41 Am. Dec., 744; Rudder v. Koopman, 22 So. Rep., 601.

The injury sustained by plaintiff and complained of in this case was the proximate result of the negligence of the defendant with respect to the car of powder in question, and the explosion by fire was such an occurrence as could and should have been reasonably foreseen by defendant, and but for such negligence such injury would not have been inflicted.

WILLIAMS, Associate Justice.—This case comes before us upon questions certified by the Court of Civil Appeals for the Second District. The action was begun by appellee to recover of appellant for damages done to appellee's residence by an explosion of dynamite or powder in a car belonging to appellant. The facts found by the trial judge, and his conclusions therefrom, are as follows:

"1. I find that on the 5th day of April, A. D. 1901, the plaintiff resided in Montague County, Texas, and was the owner of a tract of land, with the residence house thereon, situated in the suburbs of the city of Bowie, in said county.

"2. That on and prior to the 5th day of April, the defendant was a

railway corporation, owning and operating a line of its road through said city of Bowie.

. "3. That on the 3rd day of April, 1901, the Chicago, Rock Island & Texas Railway Company, which company also owned and operated a line of its road through said city of Bowie, and was a connecting carrier with defendant, brought into the vicinity of said city a car containing 28,200 pounds of blasting powder and giant powder, and delivered to defendant said car of powder on said day, taking its receipt therefor, and left the said car upon a transfer switch, in charge and under the control of the defendant.

"4. That said car of powder was contained in a single wooden box car, closed up, with no covering or sheeting of iron or other metalic material, but was otherwise of comparatively recent construction, and was in good condition and not differing from those in ordinary use by railway companies generally; that the manner of storing of said powder within said car was not shown.

. "5 That from said date of the receipt of said car until the date of the explosion as hereinafter found, it was permitted by defendant to stand upon its transfer switch, connected with two empty box cars to the north or west, and a car of hay immediately to the south or east, and yet another car, with contents not shown, to the east or south; that the car immediately to the north or west of said car of powder and connected therewith was an empty box car, in which was some hay from Kaffir corn, scattered about the floor, the door of which car was standing open.

"6. That said transfer upon which said cars stood was of length sufficient to hold thirteen cars, and was situated at the intersection of the said Chicago, Rock Island & Texas road with the defendant, which said intersection was upon the line of the incorporation of said city, but the switch on which the car was standing was outside of the corporation; that said cars stood about the center of said switch and within a radius of one-fourth mile of some forty residence houses, and within a radius of three fourths of a mile of the greater portion of the residence and business houses of said city, said city having a population of about twenty-six hundred inhabitants; that a public road or highway ran within a few feet, and the main line of defendant within about twenty feet, and that of the Chicago, Rock Island & Texas Railway within about two hundred feet, of where the said car of powder was permitted to stand; and further, that there were scheduled to pass said point, upon said two roads, sixteen trains daily, besides extras.

. "7. I find that defendant placed no guard or watch about said car of powder; that its contents was known to the agent who receipted for said car, and that there were placarded upon the walls of said car the following, viz.: 'High Explosives. Handle with Care;' and further, I find that the locality where said car was permitted to stand was one frequented by tramps, who were in the habit of building fires and entering into the empty cars left standing thereabouts; I find that on as many

as two occasions, while said car was upon said switch, an employe of defendant inspected said cars, the last time being about 9 o'clock a. m. on the morning of the explosion, as hereinafter found, going within two hundred feet for that purpose.

"8. I find that defendant permitted said car of explosives to stand, situated as hereinbefore stated, upon said switch, from the date of its receipt till about 9:47 a. m. of the 5th day of April, at which time it exploded; that there were two scheduled freight trains daily upon the line of defendant, and that trains passed in the direction said car was billed to go after its receipt and prior to its explosion, and that other cars placed upon said switch on the day preceding said explosion were by defendant picked up and carried away in the direction in which said car of explosives was billed.

"9. That on the morning of the 5th of April, about thirty minutes before the final explosion, a fire was discovered to have originated in the empty box car immediately to the north or west of said car of explosives; that at said time the doors upon both sides of said cars were open; that the fire was communicated from said car to the wooden car containing said explosives, violently exploding the same and injuring and damaging the property of plaintiff as hereinafter found.

"10. I find that the place where said car was left standing and where said explosion occurred was distant from the property of plaintiff about eight hundred yards.

"11. I further find that by reason of said explosives, plaintiff's property described in his petition was injured and damaged in the sum of nine hundred and ninety-five dollars; that it will cost the said sum of nine hundred and ninety-five dollars to repair the said injuries occasioned by said explosion, and that plaintiff's said property is worth less by said amount by reason of said explosion and said injuries, and that no portion of said amount has ever been paid to plaintiff.

"12. I find also as a matter of fact, that the receiving and storing of such quantity of explosives in the manner, for the time and in the locality as shown by the defendant, constituted a public and private nuisance.

"13. I also find as a fact that defendant was guilty of negligence in receiving, storing, and handling said car of explosives as it did, and in permitting said explosion, and that said negligence was the immediate and proximate cause of said explosion and injuries, and but for which negligence said explosion and injuries would not have occurred."

The Court of Civil Appeals propounds the following questions:

First, whether or not the facts found by the trial judge warranted the legal inference of nuisance.

Second, whether or not those facts afford any evidence of negligence.

Third, whether or not, if the acts of defendant constitute negligence, the damage to appellee was the proximate result thereof.

The answer to the first question, we think, will be found by a decision of the second, for it is not contended, and can not be held, that the mere

fact that a railroad company has in its cars, for transportation, explosives of this character makes it guilty of creating a nuisance, either public or private, even though danger to persons or property along its' line be necessarily incident to such transportation. Such articles are property useful for some purposes, and common carriers are under legal obligation to receive and properly carry them. Walker v. Railway, 33 N. W. Rep., 234.

In this, the case of a common carrier differs from those of owners of mills, magazines, or other places where such explosives are voluntarily manufactured or stored in such way as to unreasonably endanger the persons or property of the public or of neighboring property owners. Such places are generally held to be nuisances, the mere existence and maintenance of which render their owners liable for damages resulting from explosions, without regard to the degree of care exercised in keeping them. Weir's App., 74 Pa. St., 230; Cheatham v. Shearon, 1 Swan, 213; Meyers v. Malcolm, 6 Hill, 292; Heeg v. Licht, 80 N. Y., 579.

But a railroad company must carry freight of this character over its road, and such dangers as necessarily result to others from the proper and reasonable performance of this duty must be borne by them as an unavoidable incident of the proper transaction of legitimate business.

But a nuisance may result from the negligent exercise of a right, or performance of a duty, with respect to one's own property or property in his charge. 1 Wood on Nuisances, sec. 4, and notes.

A nuisance to others may thus arise from the careless discharge by a common carrier of its duty in the transportation of such dangerous articles as are here in question. The right to carry them does not include the right to subject persons along the route to dangers from explosions for a longer time or in a greater degree than is reasonably necessary to the proper performance of the carrier's duty. This is an obvious deduction from plainest principles. If, therefore, the car was unnecessarily and unreasonably delayed at the place where it exploded, so as to subject plaintiff's property to such danger for a longer time than would have attended a transportation made with reasonable dispatch, such keeping of the car at that place was a nuisance. The case thus supposed would not differ essentially from those of other keepers of dangerous explosives. Or if ordinary care was not exercised by the appellee in keeping and caring for the car, and the absence thereof gave rise to a degree of danger such as would have been avoided by the exercise of it, such negligence would make the presence of the car so negligently kept a nuisance. Ordinary care is the measure of appellee's duty; but, of course, the degree of diligence and the nature of the precautions to be used depends upon the nature and circumstances of the situation and the danger to be avoided. The finding of the trial court that there was such negligence will, if supported by evidence, sustain its own conclusion that the car, under the circumstances stated, constituted a nuisance. We are of the opinion that there was evidence from

which the court could properly conclude that, considering the very dangerous contents of the car, there was negligence both in leaving it so long at that place, and in not properly caring for it while there. No reason for the delay is shown and the circumstances stated by the judge might have been held by him as sufficient to call for a showing on the part of the defendant of any circumstances which made the delay necessary or reasonable, and to justify the conclusion, in the absence of such a showing that there were none. This, and the further question as to the precautions which ordinary prudence required in keeping the car, are questions of fact which this court can not resolve. We merely hold that there was sufficient evidence tending to sustain both conclusions of the trial judge, and this answers the first and second questions as far as we can answer them.

To the third, we answer that if there was negligence such as we have indicated, the evidence justifies the conclusion that it was the proximate cause of the damage to plaintiff's house.