LEWIS v. McDOWELL et al. (No. 1892.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 4, 1918.)

APPEAL AND ERROR ⬗387(3)—BOND—TIME FOR FILING.

To confer jurisdiction upon the appellate court the appeal bond must have been filed within 20 days after the expiration of the term at which judgment was rendered, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, and where this was not done the appeal must be dismissed.

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

B. W. Lewis appeals from a judgment against him and in favor of J. M. McDowell and others. Appeal dismissed.

Turner & Smitha and T. N. Graham, all of Texarkana, for appellant. O'Neal & Allday, of Atlanta, for appellees.

WILLSON, C. J. To confer jurisdiction of the appeal upon this court the appeal bond must have been filed within 20 days after the expiration of the term at which the judgment was rendered. Article 2084, Vernon's Statutes. Said term of the court ended April 13, 1917, and the bond was filed on the 25th day thereafterwards, to wit, on May 8, 1917. As this court, therefore, is without power to hear and determine the appeal, it is dismissed.

BROTHERHOOD OF AMERICAN YEOMEN v. JAGGERS. (No. 1879.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 13, 1917.)

APPEAL AND ERROR ⬗512—DISMISSAL.

In a case originating in justice court and then tried in county court, where the record to the Court of Civil Appeals contains no transcript from the justice to the county court, and the justice court's original jurisdiction of the cause of action is not otherwise shown, the appeal will be dismissed.

Appeal from Titus County Court; J. W. Tabb, Judge.

Action between the Brotherhood of American Yeoman and W. M. Jaggers. From a judgment, the Brotherhood of American Yeoman appeals. Dismissed.

Reed & Reed, of Mt. Pleasant, for appellant. T. C. Hutchings, of Mt. Pleasant, for appellee.

LEVY, J. The case originated in the justice court, and was then tried in the county court. The record to this court does not contain a transcript from the justice court to the county court, and it is not otherwise made to appear that the justice court had original jurisdiction of the cause of action. The parties appear to have had notice of this defect.

The appeal is dismissed. Wells v. Driskell, 105 Tex. 77, 145 S. W. 333.