## ANDERSON v. FIDELITY UNION CASUALTY CO.

No. 2160.

Court of Civil Appeals of Texas. Beaumont.
Dec. 3, 1931.

See also 26 S.W.(2d) 744.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellant.

W. E. Johnson, of Dallas, for appellee.

O'QUINN, J.

The Fidelity Union Casualty Company filed this suit in the justice court of Jefferson county against Paul C. Anderson and Menthree Hillman, alleging that they were partners doing business under the firm name of Anderson & Hillman. It sought to recover against each of said defendants the sum of $168.15 for damages it had paid growing out of an automobile collision.

The defendant Paul C. Anderson answered denying that there existed any partnership between him and Hillman, but that said partnership business had been disposed of to one Joe Duke, and that at the time of the auto collision he (Anderson) did not own the truck in question, but that same was owned by said Joe Duke and was driven by another employee of said Joe Duke.

There was no brief for appellee. Appellant Anderson's brief says that the suit against Hillman was dismissed, but there is nothing in the record showing such dismissal, or that the judgment in the justice court in any manner disposed of said defendant. Anderson's brief states that judgment in the justice court was rendered against him in favor of plaintiff, appellee, and that he (Anderson) appealed to the county court. In the county court the case was tried to a jury upon one special issue, inquiring whether defendant Anderson was the owner of the truck at the time of the collision. The jury answered that he was. On this finding judgment was rendered for appellee for $168.15 against appellant and his bondsmen on appeal from the justice court judgment.

■■ The judgment will have to be reversed and remanded, because there is nothing in the record to show that the county court had jurisdiction of the case. The record does not show that any judgment was rendered in the justice court; in fact, there is no transcript in the record from the justice court, showing that any such suit was ever tried in said court. Jurisdiction of the county court to hear and dispose of an appeal from a justice court must be shown by the transcript from said court. 3 Tex. Jur. §§ 284 and 285, pp. 399, 400, and 401; Grand Rapids Show Case Co. v. Richardson (Tex. Civ. App.) 277 S. W. 803. As disclosed by the record, the county court had no jurisdiction to try the cause, and the judgment will have to be reversed and remanded with instructions to the county court to dismiss the case unless jurisdiction in that court appears from the transcript from the justice court. Perry v. Greer, 110 Tex. 549, 221 S. W. 931.

Reversed and remanded with instructions.