## CITY OF DALLAS v. NEWBERG.

### No. 12297.

Court of Civil Appeals of Texas. Dallas.
April 2, 1938.

Rehearing Denied April 30, 1938.

H. P. Kucera, City Attorney, and A. J. Thuss, Assistant City Atty., both of Dallas, for appellant.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellee.

BOND, Chief Justice.

Appellee, Mrs. O. A. Newberg, instituted this suit against appellant, City of Dallas, seeking to recover damages for alleged injuries to her real estate and for personal injuries growing out of blasting operations conducted by the City of Dallas, in close proximity to her property.

The evidence discloses, without controversy, that Mrs. Newberg was owner of property located on Brazos street, in the City of Dallas, and that immediately across Brazos street was a large craggy area of land owned by Zang Estate. With permission of the owner, the City of Dallas removed the rock from the land, beginning at the farthest distance from appellee's property, approximately 250 feet, and gradually approaching to within about 70 feet thereof, a great part of the labor being furnished by the federal government. The rock was removed by dynamite charges being placed in such way that the strata of large boulders would fall into the bottom of the quarry, where, by light shots of dynamite and with heavy hammers and

crowbars, they were broken up into small pieces, then carted off, to improve streets about the city. The blasting operations continued for about two and one-half months.

The jury found, in response to special issues, that the defendant and its employes, in the operation of said rock quarry, did not ignite too heavy and powerful charges of dynamite in blasting the rock; that no rocks were thrown upon or against the roof of Mrs. Newberg's house; that no injury was caused to either the brick walls of the house, the floors, the concrete porch, or to the foundation; that defendant and its employes were not guilty of negligence in the manner of blasting or in igniting charges of dynamite, taking into consideration the proximity of such discharges to plaintiff's residence; but, in response to question No. 2, the jury found that the rock quarry, as conducted and operated by defendant, constituted a nuisance—resulting, however, in no permanent injury or damage to the physical structure of plaintiff's house. Then, to question Nos. 12 and 16, the jury found that the house was injured, and the plastering damaged. In response to question No. 11, the jury found that it would take $200 to repair and restore the house to its former condition; to question No. 3 they found that plaintiff's place was worth $5,000 before the blasting, and, to question No. 4, $4,800 after the blasting. In response to question No. 5, the jury found that plaintiff suffered inconvenience, discomfort, or annoyance, by reason of the operation of the rock quarry; and to question 6, that $50 would reasonably compensate her for such annoyance, inconvenience, or discomfort. Then finally, to question No. 22, the jury found that $750 is an amount sufficient to restore the house to the condition it was in prior to the injury, and to compensate the owner for diminution in the value of the use of the property during the continuation of the injury.

On the verdict of the jury, the trial court rendered judgment in favor of plaintiff in the sum of $800. Evidently, the judgment was made up of the $50 item, found by the jury as damages for plaintiff's annoyance, inconvenience, or discomfort in the use of her home, and the $750 item allowed as compensation for the restoration of the house and the diminution of the value of the use of the property. The trial court gave no consideration to the $200 item, found by the jury to be the amount required to repair and restore the house to its former condition.

Manifestly, the issues submitted are so confusing and the answers of the jury so conflicting that it is impossible to determine the existence and extent of appellee's injuries, if any, or the amount of damages, if any, that could be awarded on the verdict.

The jury having found that the City of Dallas and its employees were not guilty of negligence in blasting and operating the rock quarry, and that the nuisance caused no permanent injury or damage to the physical structure of the house, we fail to see how judgment could have been rendered for any amount for injury or damage to appellee's property. If the City of Dallas was not guilty of negligence and the nuisance caused no permanent injury or damage to the physical structure of plaintiff's property, evidently the $750, allowed to restore the house and compensate the owner for diminution in value of the use of the property, is not allowable. Again, if the owner of the house was inconvenienced, discomforted, or annoyed by reason of the operation of the rock quarry, which is an element of damage growing out of the maintenance of an actionable nuisance, and that it would take $50 to compensate the owner for such injury, then the further finding that $750 would compensate the owner for the diminution in the value of the use of the property would be to allow double recovery for the same injury. Both recoveries, in effect, allow for inconvenience, discomfort, or annoyance, depreciating the value of the use of the property and the owner's occupancy thereof. Then, still again, if it would take $200 to repair the damage and restore the house to its former condition, the $750 includes the same elements of injury, or damage covered by the $200 item, making in such case a conflict in the findings. We think the trial court was not authorized to accept the findings as to the item of $750, disregard the item of $200, and enter judgment in the sum of $800 for annoyance, inconvenience, or discomfort to appellee, and for repairs to her house; this necessitates a reversal of the case.

The primary question involved in this appeal, however, is whether or not appellant, without negligence on its part, can be held liable in damages to appellee for injuries resulting from lawful blasting operations, where the city had a permissive right to remove the rock from the land, and

the method employed was proper and reasonable. The jury, in response to special issues 8, 9, 10, and 13, found that appellant had conducted the blasting operations in a prudent manner, exonerating it from negligence, and that the city committed no trespass on the property of appellee.

The record shows that appellant, in blasting the rock from the site in question, was conducting a lawful, useful, and necessary enterprise, employing the only practicable method of accomplishing that purpose. The site of the operation is in a semi-business section of the City of Dallas, situated at the convergent point of three principal streets, with business enterprises immediately across the street. The lot, in its natural state, was a prominent craggy and rugged area, unsuited for residential or business purposes; its removal served the purpose of levelling the ground in keeping with the adjacent streets and surrounding property, and the rocks were used to improve city streets. The operations complained of were conducted in a lawful, proper, and reasonable manner, using only the proper and necessary discharges of dynamite.

We recognize that, ordinarily, a private or public nuisance does not rest on the degree of care used in the conduct of a business, but on the degree of danger or annoyance, discomfort, or inconvenience existing, regardless of the degree of care exercised in the conduct of such business. However, it is not every use of one's property which works injury, annoyance, inconvenience, or discomfort to the person or property of another that creates an actionable nuisance. Slight or trifling injury, inconvenience, discomfort, or annoyance, resulting in a business neighborhood of a city of modern progression, in the absence of negligence, is not regarded by the law as sufficient to declare a lawful business so conducted a nuisance. Noise, vibration of the earth, and concussion of the air, caused by lawful blasting operations, do not make a nuisance, as a matter of law, where the operations are conducted in a prudent and careful manner, with due regard to the rights of others, productive of no substantial physical annoyance, inconvenience, or discomfort to another, and productive of no substantial damage or injury to the property of another.

There is scarcely an occupation or activity in modern progressive cities of today, which, in varying circumstances, may not become a nuisance within the sense that they make noise, vibrate the ground, and concuss the air. Locality must be considered in determining whether there is a violation of any right that might make a lawful business an actionable nuisance. That which might be a nuisance in one locality might not be so considered in another. Streiber v. Ward, Tex.Civ.App., 196 S.W. 720; Moore v. Coleman, Tex.Civ.App., 185 S.W. 936; Royalty v. Strange, Tex.Civ. App., 220 S.W. 421.

In the case of Booth v. Rome, W. & O. Terminal Co., 140 N.Y. 267, 35 N.E. 592, 24 L.R.A. 105, 37 Am.St.Rep. 552, the New York Court of Appeals, having under consideration the use of explosives in blasting on one's premises, as constituting a nuisance, made use of the following language applicable to the situation here (page 595): "The rule announced by the trial judge, that the use, by an owner of property, of explosives, in excavating his land, is at his peril, and imposes liability for any injury caused thereby to adjacent property, irrespective of negligence, is far-reaching. It would constitute, if sustained, a serious restriction upon the use of property, and in many cases greatly impair its value. The situation in the city of New York furnishes an apt illustration. The rocky surface of the upper part of Manhattan island makes blasting necessary in the work of excavation, and, unless permitted, the value of lots, especially for business uses, would be seriously affected. May the man who has first built a store or warehouse or dwelling on his lot, and has blasted the rock for a basement or cellar, prevent his neighbor from doing the same thing, when he comes to build on his lot adjoining, on the ground that by so doing his own structure will be injured? Such a rule would enable the first occupant to control the uses of the adjoining property, to the serious injury of the owner, and prevent, or tend to prevent, the improvement of property. The first occupant, in building on his lot, exercised an undoubted legal right. But his prior occupation deprived his neighbor of no legal right in his property. The first occupant acquires no right to exclude an adjoining proprietor from the free use of his land, nor to use his own land to the injury of his neighbor subsequently coming there. [Citing authorities.] The fact of proximity imposes an obligation of care, so that one engaged in improving his own lot shall do no unnecessary damage to his neighbor's dwelling; but it cannot, we think, exclude the former from

using the necessary and usual means to adapt his lot to any lawful use, although the means used may endanger the house of his neighbor."

In Comanche Duke Oil Co. v. Texas Pacific C. & O. Co., 298 S.W. 554, involving injury to an oil well by a blast of nitroglycerine, or other explosive material placed in an adjoining well, the blast being of such intensity and volume as to materially interfere with the flow of oil from the adjoining well, by causing infiltration of water and other deleterious substances, the Commission of Appeals said (page 560): "If the purpose be lawful, physical trespass absent, primary use reasonable, and manner of that use duly careful, consequences are damnum absque; otherwise, injury within proximate causation is redressable. This would appear to have support in 'blasting' and 'explosion' cases (see Ft. Worth & D. C. Ry. Co. v. Beauchamp, 95 Tex. 496, 68 S. W. 502, 58 L.R.A. 716, 93 Am.St.Rep. 864; 11 R.C.L. 673, 674; 19 Cyc. 7, 8), in which liability for injuries produced through vibration and shock alone is made to turn upon use or omission of due care in starting the vibrative or concussive waves, and in 'fire' cases (see Seale v. Gulf, C. & S. F. Ry. Co., 65 Tex. 274, 57 Am.Rep. 602), upon caution observed or forgotten in the act which started or which failed to halt the elements in its journey to neighboring premises."

The doctrine announced in the Comanche Duke Case, supra, finds similar pronouncement in the cases of: Cosden Oil Co. v. Sides, Tex.Civ.App., 35 S.W.2d 815; Gulf, C. & S. F. Ry. Co. v. Oakes, 94 Tex. 155, 58 S.W. 999, 52 L.R.A. 293, 86 Am.St. Rep. 835, Turner v. Big Lake Oil Co., Tex. Civ.App., 62 S.W.2d 491. In 46 C.J. 664, the rule governing cases where recovery is allowed regardless of the question of negligence, and those where right of recovery is dependent upon the existence of negligence, is stated thusly: "A distinction has been made between acts lawful in themselves, done by one upon his own premises, which may result in injury to another if not properly done or guarded, and those which in the nature of things must so result; in the former case, a person could only be made liable for actual negligence in the performance of the act or mode of maintaining it, while in the latter, he would be liable for all the consequences of his acts, whether guilty of negligence or not. The one can only become a nuisance by reason of the negligent manner in which it is performed or maintained, while the other is a nuisance per se."

 So, we think, the judgment of the trial court, having as its basis consequential injury and damage resulting from the maintenance of a nuisance due to noises, vibrations of the earth, and concussions of the air, taking into consideration the location of appellee's property, finds no support in the record. Appellant's enterprise being conducted in a lawful, careful, and reasonable manner, free from negligence and absent trespass, the consequential elements flowing therefrom do not give rise to an action for appellee's injury and damage against the city. The judgment of the court below is reversed and judgment here rendered for appellant.

Reversed and rendered.