### HEADSTREAM v. MANGUM.
### No. 4988.

Court of Civil Appeals of Texas. Amarillo.
June 26, 1939.

Rehearing Denied June 26, 1939.

R. L. Graves, of Brownfield, for appellant.

McWhorter & Howard, of Lubbock, for appellee.

FOLLEY; Justice.

This is an attempted appeal from a judgment of the County Court of Terry County, Texas, wherein the appellee, W. R. Mangum, recovered judgment against the appellant, Rex Headstream, in the sum of $135 as the result of a collision between vehicles belonging to the respective parties.

This cause was heretofore dismissed by this court on account of the failure of the appellant to either file briefs herein within the time required by the rules of the Supreme Court or to excuse such delay. By reason of the matters hereinafter set out our former opinion dismissing this cause is

withdrawn and the order of dismissal is set aside.

By motion for rehearing the appellant seeks to justify his omission to file briefs within the time required and asks us to examine the transcript for fundamental error. Although the matters to which he directs our attention in the motion do not constitute fundamental error, it is our opinion, however, that there are other matters concerning the record, not called to our attention by the appellant, which constitute fundamental error.

█ The transcript reveals that this cause originated in the Justice Court of Precinct No. 1 of Terry County, Texas. The only evidence we have of this fact is the citation issued by the justice of the peace in the justice court and the statement of the appellant in his motion for a rehearing. The disposition made of the case in the justice court or how it got from that court into the county court, does not in any manner appear in the transcript before us. If judgment was rendered for either party in the justice court it is not shown. The record herein does not contain a transcript of the proceedings, if any, in the justice court nor does it appear that an appeal bond, or affidavit in lieu thereof, was filed in such court for the purpose of appealing the cause to the county court. The appellant states in his motion that the appellee Mangum recovered judgment against the appellant in the justice court and that the appellant appealed to the county court. Such being true, before the appellant could remove the adverse judgment against him to the county court it was necessary that he execute an appeal bond or file an affidavit in lieu thereof. Articles 2456 and 2457 of Vernon's Annotated Revised Civil Statutes; Edwards v. Morton, 92 Tex. 152, 46 S.W. 792; Albritton v. First Nat. Bank of Mexia, Tex. Civ.App., 85 S.W. 1008. Therefore, under the record presented, the jurisdiction of the county court is not shown. Texas & N. O. R. Co. v. Gray, Tex.Civ.App., 29 S. W.2d 815; Beaumont Majestic Co. v. Berwick, Tex.Civ.App., 87 S.W.2d 1116; Perry et. al. v. Greer, 110 Tex. 549, 221 S. W. 931; Pecos & N. T. Ry. Co. et al. v. Canyon Coal Co., 102 Tex. 478, 119 S.W. 294; 3 Tex.Jur. 398, para. 284, and authorities cited.

█ Under the above authorities, where jurisdiction is not shown in the county court, as in the instant case, the only alternative for this court to pursue is to reverse the judgment and remand the case to the County Court of Terry County with directions that such court dismiss the cause unless its jurisdiction is properly made to appear, and it is so ordered. As the primary duty rested upon the appellant to perfect this appeal, the costs herein will be taxed against him.

Appellant's motion for rehearing is granted and the judgment of the trial court is reversed and the cause remanded with instructions.