## INDIAN TERRITORY ILLUMINATING OIL CO. v. RAINWATER.

### No. 1988.

Court of Civil Appeals of Texas. Eastland.
March 8, 1940.

Appellee's Motion for Rehearing Granted
April 12, 1940.

Appellant's Motion for Rehearing Granted
May 3, 1940.

Rehearing Denied May 24, 1940.

**492**

Sayles & Sayles, of Abilene, for appellant.

Gilbert Smith, of Anson, for appellee.

GRISSOM, Justice.

W. O. Rainwater sued the Indian Territory Illuminating Oil Company in a Justice Court of Jones County for $190 damages. In substance, Rainwater alleged the company's seismograph crew dug a hole about 46 feet deep on a tract of land (where it had a right to be), and about 150 feet from Rainwater's cistern located upon the adjoining premises, and set off a heavy charge of explosives in the hole causing a vibration which broke the plastered walls of the cistern, resulting in the loss of the water stored in the cistern and requiring its repair. Judgment in the Justice Court was for plaintiff against defendant for $190, and the company appealed to the County Court. The County Court judgment was for plaintiff against defendant for $100. The company has appealed.

Appellee, Rainwater, questions the jurisdiction of this court because a transcript from the Justice Court to the County Court is not in the transcript on appeal. The transcript shows a judgment for plaintiff against defendant for $190, dated May 21, 1938, signed by the justice and filed in the County Court of Jones County June 9th; an appeal bond approved and filed by the justice May 27th and filed in the County Court June 9th, and defendant's original answer, filed by the justice May 21st and filed in the County Court on June 9th. We are of the opinion the jurisdiction of the County Court, and, therefore, the jurisdiction of this court, sufficiently appears. Clonts v. Johnson, 116 Tex. 489, 497, 294 S.W. 844.

Appellant contends that since there was no actual physical trespass by the defendant and its action was not unlawful, appellee, having failed to prove negligence of the defendant in discharging the explosives, failed to prove a cause of action against defendant.

The cause was submitted to a jury on special issues. There was no finding of negligence. Negligence was certainly not shown as a matter of law, and we are of the opinion that the evidence was insufficient to have authorized a finding of negligence by the jury had the issue been submitted. Therefore, plaintiff failed to make out his case. It is incumbent upon plaintiff to allege and prove negligence in cases of this character. In Summers Oil and Gas, Permanent Ed., Vol. 4, § 661, p. 58, et seq., there is a most interesting article on the subject. However, we think it has been definitely determined in Texas that in this character of cases allegation and proof of negligence are essential.

In Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221, 224, our Supreme Court, speaking through Chief Justice Cureton, said: "The storage and use of explosives is clearly within the rule of absolute liability laid down in Rylands v. Fletcher; but, as to these, we have also changed from the common-law rule, and predicate liability upon negligence, in the absence of controlling statutes or facts so obvious as to constitute a nuisance as a matter of law."

In Comanche Duke Oil Co. v. Texas P. C. & O. Co., Tex.Com.App., 298 S.W. 554, 560, Judge Nickels, in discussing a case wherein suit was brought by the owner of a producing oil well for injuries caused by the discharge of explosives in drilling a well on an adjoining tract of land, causing infiltration of water into the producing well, said: "If the purpose be lawful, physical trespass absent, primary use reasonable, and manner of that use duly careful, consequences are damnum absque; otherwise, injury within proximate causation is redressable. This would appear to have support in 'blasting' and 'explosion' cases (see Ft. Worth & D. C. R. Co. v. Beauchamp, 95 Tex. 496, 68 S.W. 502, 58 L.R.A. 716, 93 Am.St.Rep. 864; 11 R.C.L. 673, 674; 19 Cyc. 7, 8), in which *liability for injuries produced through vibration* and shock *alone is made to turn upon use or omission of due care* in starting the vibrative or concussive waves, and in 'fire' cases (see Seale v. Gulf C. & S. F. R. Co., 65 Tex. 274, 57 Am.St.Rep. 602), upon caution observed or forgotten in the act which started or which failed to halt the elements in its journey to neighboring premises." (Italics ours.)

Also see Cosden Oil Co. v. Sides, Tex. Civ.App., 35 S.W.2d 815, 817; Ft. Worth & D. C. Ry. Co. v. Beauchamp, 95 Tex. 496, 68 S.W. 502, 58 L.R.A. 716, 93 Am. St.Rep. 864; City of Dallas v. Newberg, Tex.Civ.App., 116 S.W.2d 476, writ dismissed; Independent Eastern Torpedo Co. v. Carter, Tex.Civ.App., 131 S.W.2d 125; Missouri Iron & Metal Co. v. Cartwright, Tex.Civ.App., 207 S.W. 397; 11 R.C.L. 674.

■ The only evidence on the question of care used in discharging the explosives, and the reasonableness of the amount discharged, is found in the testimony of defendant's witnesses, none of whom testified to facts (so far as has been pointed out) which would authorize a finding of negligence Regardless of what the correct interpretation of the rule that the testimony of interested parties, under certain circumstances, raises a question for the jury may be since the decision of Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332, such defensive testimony alone certainly does not make negligence vel non a question for the decision of the jury.

"In other words, where a plaintiff has the burden of proof on an issue and fails to make sufficient proof thereon to raise a question of fact for the jury, wholly defensive testimony relative thereto by the defendant, though uncorroborated, does not make an issue for the jury." Dixon v. Cargill, Tex.Civ.App., 104 S.W.2d 101, 103, writ refused.

■ The situation relative to plaintiff's pleadings is not discussed for the reason that such deficiencies therein, if any, (in the absence of a contrary showing) will be presumed to have been supplied by oral pleadings. Hart v. Wilson, Tex.Civ.App., 53 S.W.2d 1029; Heidenheimer Strassburger & Co. v. Houston & T. C. Ry. Co., Tex.Civ.App., 197 S.W. 886.

■ Since plaintiff's judgment in the County Court was for a smaller amount than in the Justice Court, and the record failing to show a reason for the action of the court in taxing the County Court costs against defendant, such action was error. Arts. 2065, 2066, 2432, Rev.St.1925; Norwood v. Taylor County, Tex.Civ.App., 93 S.W.2d 573, 575, writ dismissed.

■■ Although the question as to the sufficiency of the qualification of an expert witness rests largely in the discretion of the trial court, we are of the opinion that the witness Greer did not sufficiently qualify as an expert on the question of vibrations caused by explosions and their effect to justify his expression of an opinion as to the effect of the explosion in question. Neither did the witness White so qualify. Had White additionally testified to a similarity in the kind and amount of explosives used at the two places mentioned in his testimony, such testimony might have been admissible under the theory recognized in Southern Gas & Gasoline Co. v. Adams & Peters, Tex.Civ.App., 169 S.W. 1143, 1148, writ refused. Also see, Texas & P. Ry. Co. v. Cauble, Tex.Civ.App., 168 S.W. 369; Texas & P. Ry. Co. v. Good, Tex.Civ.App., 151 S.W. 617, 619. However, what defendant's said witness would have testified to had he been permitted is not shown. Cunningham v. Austin & N. W. Ry. Co., 88 Tex. 534, 31 S.W 629; Hartford Accident & Indemnity Co. v. Harris, Tex.Civ.App., 138 S.W.2d 277, decided by this court February 23, 1940.

■ Under the situation disclosed by this record, we are not authorized to render judgment. Williams v. Safety Casualty Co., 129 Tex. 184, 102 S.W.2d 178; Reed v. Benjamin State Bank, Tex.Civ.App., 114 S.W.2d 365, 372.

The judgment is reversed and the cause remanded.

### On Appellee's Motion for Rehearing.

In response to appellee's motion for rehearing, based solely on our decision that the record of the proceedings in the Justice Court, filed in the County Court and appearing in the transcript on appeal, was sufficient to show the jurisdiction of the County Court, we have carefully examined the authorities on that question.

The transcript filed in this court on appeal from the County Court does not contain a transcript from the Justice Court certified to by the Justice of the Peace to the effect that it contains "a true and correct copy of all the entries made on his docket in the cause", as required by Art. 2459, R.S.1925. The transcript filed in this court does contain a judgment, an appeal bond and defendant's answer, filed (and the first two instruments approved) by the justice and filed in the County Court. The record does not contain any instrument purporting to be a certified transcript from the Justice Court filed in the County Court on appeal.

494

The general rule is that on appeal from a county court judgment in a case originating in a justice court the transcript in the appellate court must contain a transcript of the proceedings in the justice court. There are exceptions to that rule but they are not shown to be applicable here. 3 Tex.Jur. 400; Patrick v. Pierce, 107 Tex. 620, 183 S.W. 441; Wells v. Driskill, 105 Tex. 77, 145 S.W. 333.

In Perry v. Greer, 110 Tex. 549, 221 S.W. 931, our Supreme Court, in an opinion by Chief Justice Phillips, said that when the transcript filed in a Court of Civil Appeals on an appeal from a County Court judgment in a case originating in a justice court did not contain a transcript of the proceedings in the justice court the appellate court was required to reverse the judgment and remand the case to the County Court, with directions to dismiss it unless its jurisdiction was properly made to appear.

The cited decisions of our Supreme Court have been considered and the rule above stated applied to situations essentially similar to that in the instant case many times. Texas & N. O. R. Co. v. Gray, Tex.Civ.App., 29 S.W.2d 815; American Soda Fountain Co. v. Mason, 55 Tex.Civ. App. 532, 119 S.W. 714; King Collie & Co. v. Dunn, Tex.Civ.App., 146 S.W. 1007; Anderson v. Fidelity Union Cas. Co., Tex. Civ.App., 44 S.W.2d 760; Johnson v. Gibson Bros., Tex.Civ.App., 240 S.W. 667; Nordyke v. James, Tex.Civ.App., 272 S.W. 247; Maxwell v. Dorizas, Tex.Civ.App., 16 S.W.2d 432; Brotherhood of American Yeomen v. Jaggers, Tex.Civ.App., 199 S.W. 1179; Texas Glass & Paint Co. v. Darnell, Tex.Civ.App., 185 S.W. 965; Freeman v. Miller, Tex.Civ.App., 160 S.W. 126; El Continental Pub. Co., Inc. v. Blumenthal, Tex.Civ.App., 63 S.W.2d 1056; Consumers' Fertilizer Co. v. J. M. Badt & Co., Tex.Civ.App., 157 S.W. 226; Franklin Fire Ins. Co. v. Shadid, Tex.Civ.App., 45 S.W.2d 769; Beaumont Majestic Co. v. Berwick, Tex.Civ.App., 87 S.W.2d 1116; Flake v. H. C. Meacham Co., Tex.Civ.App., 13 S.W.2d 897; Headstream v. Mangum, Tex.Civ.App., 129 S.W.2d 1155. Also see, Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 232 S.W. 281; Blalock v. Slocumb, Tex.Com.App., 245 S.W. 648; Satterfield, Inc. v. Rumley, Tex.Civ.App., 121 S.W.2d 390; Texas Indemnity Ins. Co. v. Moss, Tex.Civ.App., 18 S.W.2d 712; Houston & T. C. Ry. Co. v. Parker, 104 Tex. 162, 135 S.W. 369; Fitzgerald v. Lane, Tex. Civ.App., 126 S.W.2d 64, 71; 15 Tex.Law Rev. 504.

Appellee called attention to the absence of the justice court transcript in his brief filed in this court on November 25, 1939, and asserted this court lacked jurisdiction to review the case on appeal for that reason. With this knowledge of the condition of the record no action has been taken to perfect it. We assume the parties either cannot or do not desire to do so. Being convinced that our former opinion on this question is erroneous, it becomes our duty to set aside our former judgment, grant appellee's motion for rehearing, and reverse the judgment and remand the case to the County Court, with directions to dismiss it unless its jurisdiction is properly made to appear, and to tax the costs of appeal against appellant. Universal Credit Co. v. Adcock, Tex.Civ. App., 129 S.W.2d 1199; Headstream v. Mangum, Tex.Civ.App., 129 S.W.2d 1155, 1156.

It is so ordered.

On Appellant's Motion for Rehearing.

On March 8, 1940, the judgment of the trial court in this cause was reversed and the cause remanded. On April 12, appellee's motion for rehearing was granted, our former order set aside, and judgment rendered reversing the judgment and remanding the case to the trial court, with directions to dismiss it, unless the jurisdiction of the County Court was shown. The reason therefor was that the transcript in this court failed to show a transcript from the justice court filed in the County Court. Thereafter the transcript in this court was supplemented by adding thereto a transcript from the justice court filed in the County Court, prior to the trial in the County Court. Therefore, the jurisdiction of the County Court is shown. Patrick v. Pierce, 107 Tex. 620, 183 S.W. 441; Texas Indemnity Ins. Co. v. Moss, Tex.Civ.App., 18 S.W.2d 712.

Appellant's motion for rehearing is granted; our former judgment reversing the judgment and remanding the cause to the county court, with directions to dismiss the case, unless the jurisdiction of the County Court was shown, is set aside; the judgment is reversed and the case remanded.