**Opal Lee WALKER, Appellant,**

v.

**BLUE WATER GARDEN APARTMENTS, Appellee.**

No. 07–87–0158–CV.

Court of Appeals of Texas, Amarillo.

June 10, 1988.

Rehearing Denied July 5, 1988.

Samuel T. Jackson, West Texas Legal Services, Amarillo, for appellant.

Cowsert, Line, Easterwood & Langehennig, Rex. W. Easterwood, Hereford, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Opal Lee Walker's appeal to the county court from a justice court judgment rendered in a forcible detainer action, which involved nonpayment of rent, was dismissed for want of jurisdiction. Aggrieved by the county court's judgment of dismissal, Walker contends on appeal that Texas Rule of Civil Procedure 749c unconstitutionally deprived her of the right to appeal in forma pauperis.* However, the question of the constitutionality of the rule is not reached, because the judgment of dismissal must be affirmed for a more basic lack of jurisdiction by the county court.

In the justice court, Blue Water Garden Apartments, where Walker resided, secured a judgment decreeing that it have a writ of restitution and that it recover from Walker rent in the sum of $833, together with postjudgment interest at the rate of 10% per annum. To appeal from the judgment to the county court without paying the costs of appeal or filing a bond, Walker was first required to file her affidavit "stating [her] inability to pay such costs, or any part thereof, or to give security." Tex. R.Civ.P. 749a.

Walker filed a sworn statement setting forth the ages of herself and those who lived with her at the Blue Water Garden Apartments, her lack of a job and inability to work, the total income and its expenditure, a debt, and the lack of any other resources. The statement itself is without reference to its purpose; and, particularly, there is nothing in it to constitute it a rule–749b pauper's affidavit, especially

---

* The challenged part of the rule provides that "the appeal shall be perfected when the pauper's affidavit is filed with the court; however, when the case involves nonpayment of rent, such appeal is perfected when both the pauper's affidavit has been filed and when one rental period's rent has been paid into the justice court registry." It is Walker's sole contention on appeal that the rule is unconstitutional because it requires an indigent appellant to pay one rental period's rent to perfect the appeal.

since it does not in any manner refer to the cause, or to the judgment, or to an appeal, and it does not state Walker's "inability to pay such costs [of appeal], or any part thereof, or to give security."

It is elemental that when an appeal is afforded, the state may prescribe reasonable requirements for triggering the right to appellate review and determination. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158–1159, 71 L.Ed.2d 265 (1982). The state has afforded an appeal from a justice court judgment rendered in a forcible detainer action, and has required, as the first step to trigger the right of appeal for one unable to pay the costs of an appeal, the filing of an affidavit stating the appellant's inability to pay the costs of appeal, or any part thereof, or to give security therefor.

Then, to be entitled to appeal in forma pauperis, Walker was obligated to comply with the requirement. *Graves v. Horn*, 89 Tex. 77, 33 S.W. 322 (1895). However, none of the declarations in her sworn statement includes what is required for a pauper's affidavit; consequently, the sworn statement did not even substantially comply with the requirement for a rule–749b pauper's affidavit, thereby causing it to be fundamentally defective. The defect is jurisdictional, *Newburg v. Spinhirne*, 35 S.W.2d 1084, 1085 (Tex.Civ.App.—Amarillo 1931, writ dism'd), and although not heretofore raised, it is fundamental and may not be ignored. *Lamka v. Townes*, 465 S.W.2d 386 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). Absent the required affidavit, the jurisdiction of the county court is not shown, which mandated the dismissal of the attempted appeal to the county court. *Headstream v. Mangum*, 129 S.W.2d 1155, 1156 (Tex.Civ.App.—Amarillo 1939, no writ).

There is, of course, no denial of due process when the state curtails or terminates an appeal for appellant's failure to comply with a reasonable procedural rule. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474–475, 88 L.Ed.2d 435 (1985). It is unpleasant to deny a litigant the right of appellate review, but when the litigant

has not complied with a jurisdictional requirement, there is no other alternative. *Matlock v. Matlock*, 151 Tex. 308, 249 S.W.2d 587, 591 (1952).

Accordingly, the judgment of dismissal is affirmed.