Opinion issued March 19, 2009

 







In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00909-CV






RON HANLEY, Appellant


V.


DNW OF HOUSTON, INC., Appellee






On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 902476






MEMORANDUM OPINION


 Appellant, Ron Hanley, appeals from a county court dismissal order of his
contract claim. In his sole issue, appellant argues that the trial court erred in
dismissing his claim. 

 We affirm the judgment of the trial court and deny all motions outstanding. 

Background

 Hanley contracted to perform a lawn service on the property of appellee DNW
of Houston, Inc. ("DNW"). Hanley agreed to perform the lawn service for $400. 
After starting the lawn service, Hanley discovered that the property required more
work than he anticipated. Hanley and DNW renegotiated the contract, and Hanley
agreed to perform the lawn service for $800. Hanley did not complete the lawn
service. 

 On March 15, 2007, Hanley filed suit against DNW in the Justice Court of
Harris County, Precinct 5, Place 2. In his suit, Hanley alleged that he should have
received $1,219, due to the number of hours required to complete the lawn service
and the workplace hazards of poison ivy and insects involved in the lawn service. 
Hanley also asked the justice court to award him punitive damages of $3,657. On
August 13, 2007, the justice court ruled for DNW and issued a take-nothing
judgment. 

 On August 29, 2007, Hanley filed an appeal to the county court. Attached to
his appeal was a pauper's affidavit. On September 11, 2007, DNW filed a "Motion
to Dismiss and Original Answer and Affirmative Defense." On October 4, 2007, the
county court granted DNW's motion to dismiss because "[Hanley's] appeal was
untimely filed and must be dismissed." Hanley filed an appeal to this Court on
November 9, 2007 and requested transmittal of the clerk's record. 

Order to Dismiss

 In his sole point of error, Hanley argues that the trial court erred in dismissing
his case. 

 When a trial court learns that it lacks subject matter jurisdiction to hear a cause,
the court must dismiss the cause and refrain from rendering a judgment on the merits. 
Fort Bend County v. Martin-Simon, 177 S.W.3d 479, 484 (Tex. App.--Houston [1st
Dist.] 2005, no pet.). In order for a county court to gain jurisdiction over a justice
court proceeding, the appealing party must file an appeal bond within 10 days after
the justice of the justice court signs the judgment. Tex. R. Civ. P. 571; Williams v
Schneiber, 148 S.W.3d 581, 583 (Tex. App.--Fort Worth 2004, no pet.). In lieu of
an appeal bond, an appealing party may file an affidavit of inability to pay the costs
of the appeal or provide security for the appeal. Tex. R. Civ. P. 572; Headstream v.
Mangum, 129 S.W.2d 1155, 1156 (Tex. Civ. App.--Amarillo 1939, no writ). The
affidavit must be filed within 5 days after the justice of the justice court signs the
judgment. Tex. R. Civ. P. 572. If neither the appeal bond nor the affidavit is timely
filed, the county court is without jurisdiction to hear the appeal, and the appeal must
be dismissed for lack of jurisdiction. See Williams, 148 S.W.3d 581, 583. 

 Here, the justice court signed the take-nothing judgment on August 13, 2007. 
Hanley filed his appeal and pauper's affidavit on August 29, 2007, 16 days after the
judgment was signed. The county court did not have jurisdiction over the matter
because Hanley did not timely file his appeal. Tex. R. Civ. P. 572; see Williams, 148
S.W.3d 581, 583. Therefore, the county court had to dismiss the case. Fort Bend
County, 177 S.W.3d at 485. 

 We overrule Hanley's sole issue.

Conclusion

 We affirm the judgment of the trial court and deny all motions outstanding. 





 Evelyn V. Keyes

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.