CITY OF FORT WORTH, Appellant,

v.

ATLAS ENTERPRISES, Appellee.

No. 15891.

Court of Civil Appeals of Texas.

Fort Worth.

March 14, 1958.

Rehearing Denied April 11, 1958.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, G. Gordon Whitman, Earl C. Morgan, and John Gano, Fort Worth, for appellant.

Samuels, Brown, Herman, Scott & Young, John M. Scott and Richard E. Miles, Fort Worth, for appellee.

MASSEY, Chief Justice.

Atlas Enterprises is a business which manufactures and distributes fireworks. It is located in Tarrant County, outside the county seat, City of Fort Worth. Incident to the shipment of fireworks so manufactured, transportation thereof passes at times through the corporate limits of the City of Fort Worth.

Sometime prior to the occasion which is the subject of this suit, the City of Fort Worth, a home rule city, passed its Ordinance No. 3099. By its provisions, fireworks were prohibited. It declared as unlawful the storing, using, manufacturing, assembling, handling, *transporting,* receiving, etc., any fireworks of any description. It further provided that *"the presence of any fireworks within the jurisdiction of the City of Forth Worth in violation of this ordinance is hereby declared to be a nuisance."* (Emphasis supplied.)

Article 1175, sec. 19, Vernon's Ann.Civ. St., provides in the enumerated powers of home rule cities that each shall have the power to define all nuisances and prohibit the same within the city and outside the city limits for a distance of 5,000 feet.

This court has heretofore had occasion to pass upon the validity of the aforesaid in two instances. Stoughton v. City of Fort Worth, Tex.Civ.App.1955, 277 S.W.2d

150; Parker v. City of Fort Worth, Tex. Civ.App.1955, 281 S.W.2d 721. In the first of these cases a part of the question was whether the City could enjoin a person from storing fireworks outside the city limits but within 5,000 feet thereof. This court held that as applied to the question the provisions of the statute were not void but were effective and that such storing could be enjoined by the City. In the second of the cases, an additional element of question was injected, to wit, whether the City could enjoin a person from transporting fireworks within the corporate city limits and the area outside thereof but within 5,000 feet of the City. This court held that the person could be so enjoined.

The City relies in large measure upon said two prior opinions of this court. It contends that they operated to establish the validity of the entire ordinance. This was not intended. What was intended was to pass upon the validity of only those parts of the ordinance necessary to be passed upon in view of the facts of the particular controversy requiring such. While the part of the ordinance relating to *transport* of fireworks was in part passed upon in the Parker case, the transportation in question was from place to place within the area in question, and from points without to points of destination within such area.

In the instant controversy, Atlas Enterprises was transporting and threatening to transport fireworks from a point without the city limits (plus 5,000 feet) to points of destination other than within the City. The transportation was by private carrier, common carrier, and by use of its own equipment, in any and all events pursuant to the movement of fireworks in intrastate and interstate commerce. In the course of such transportation, the fireworks moved through the city limits of Fort Worth and through the area outside such city limits but within 5,000 feet thereof, or were delivered into the hands of the intrastate or interstate carrier for purposes of carrier transport at their points for receiving the same, which lay within the city limits. The

same thing was true as to fireworks which were shipped or transported in intrastate and interstate commerce to Atlas Enterprises, which received as well as dispatched fireworks.

Such was the subject of the instant controversy. The City of Fort Worth sought an injunction prohibiting such usage by Atlas Enterprises in transporting, sending and receiving fireworks. Declaratory judgment was additionally prayed for in declaration of the validity, applicability and enforceability of the provisions of Ordinance No. 3099 as against Atlas Enterprises.

Upon a full and complete hearing, judgment was entered in favor of Atlas Enterprises and against the City. Injunction was denied. Judgment declared that in so far as Ordinance No. 3099 purported to prohibit transport of fireworks within the city limits (plus 5,000 feet exterior thereto) such was beyond the constitutional powers of the City.

From this judgment in favor of Atlas Enterprises the City of Fort Worth appealed. We are of the opinion that the judgment of the trial court was proper and is to be affirmed.

A municipal ordinance may be void as to some of its provisions and valid as to others. Where the ordinance is severable, so that invalid provisions may be eliminated and a valid ordinance left, the invalidity of a part will not invalidate the whole. 30-A Tex.Jur., p. 303, "Municipal Corporations," sec. 308, "Partial Invalidity." By the same token the converse may be true, as in the Stoughton and Parker cases previously passed upon by this court, by which the majority of the court held Ordinance No. 3099 valid as applied to the controversies of the parties in litigation. The declaration of validity as to the severable parts in controversy and under consideration did not inhibit a subsequent holding that another severable part was void. Such was the holding of the trial court in the case before us on appeal.

There is no question about the authority to enact the ordinance falling within the police power. In so far as the ordinance operates as a legitimate exercise of the police power it is to be upheld. Such an ordinance can, ordinarily, absolutely prohibit a use which is a nuisance, for that is a legitimate object of the City's jurisdiction in such respect. However, if it is not in fact a nuisance it cannot be effectively declared to be one by ordinance (see authorities cited in the case of Parker v. City of Fort Worth, supra) and the City's authority in respect to it is limited to that of reasonable regulation to the extent of the requirements of necessity, for it cannot be prohibited.

Upon the matter of the power of a municipal corporation to declare and define nuisances, it is noticed in McQuillin, Municipal Corporation, 3rd Ed., sec. 24.84, that classification of the subject matter may be made as follows: First, those which in their nature are nuisances per se, or are so denounced by the common law or by statute; second, those which in their nature are not nuisances but may become so by reason of their locality, surroundings, or the manner in which they may be conducted, managed, etc.; third, those which in their nature may be nuisances, but as to which there may be honest differences of opinion in impartial minds. Governing bodies of municipal corporations are entitled to denounce conclusively articles and acts falling within the first and third classifications, but as to those falling within the second classification the prevailing judicial view is that the power possessed is only to declare such of them to be nuisances as are in fact so.

It is to be kept in mind that there is no controversy posed in the instant situation about whether the keeping, storing, using, etc., of fireworks is a nuisance. Both litigants concede that such constitutes an abatable nuisance. It is, essentially, the matter of transport and passage in commerce through the city, as differentiated from pickup and delivery within the city,

which is the matter in controversy. The City asserts that such is a nuisance, properly and authoritatively so declared by the ordinance, and as such is to be abated and prohibited. Though challenged, the City produced no evidence in demonstration of any prior injury resultant to either its own citizens or their property, or to citizens of other municipalities or their property through such transport. Atlas Enterprises developed from Mr. Wilfong, its president and general manager, the fact that for over twenty years he had never heard of any explosion from the transport of fireworks by train or truck. It developed from the City's Fire Marshal the fact that he knew of no explosion from the transport of fireworks by truck. He was not asked about other forms of transportation. In brief, it is not made to appear upon the record that the health, safety, comfort or welfare of any Fort Worth citizen would be preserved through the granting of the injunction prayed for by the City.

It seems clear to us that the controversy upon the matter falls within McQuillin's second classification, i. e., that fireworks in their nature (and irrespective of quantity) are not nuisances but may become so by reason of their locality, surroundings, or the manner in which they may be handled or manipulated. The question is: "Does their transport in interstate or intrastate commerce through the City of Fort Worth, regardless of the care and precaution taken to eliminate hazards incident thereto, become a nuisance?" We agree with the trial court in arriving at the negative answer. In view thereof we further agree that the prohibition of the ordinance, as applied to the circumstances presented, is void and ineffective. See Fort Worth and Denver City Railway Co. v. Beauchamp, 1902, 95 Tex. 496, 68 S.W. 502, 58 L.R.A. 716, 93 Am.St.Rep. 864, and a case which follows its authority, Pope v. Edward M. Rude Carrier Corp., 1953, 138 W.Va. 218, 75 S.E. 2d 584, both cases relating to dynamite.

■ Furthermore, since the ordinance discriminates against interstate commerce,

will impede its movement in regular course, and will affect it directly, it is in conflict with the commerce clause of the United States Constitution, art. 1, § 8, cl. 3. Title 18 U.S.C.A., Ch. 39, § 835, exhibits congressional delegation of authority to the Interstate Commerce Commission to regulate and control the transportation within the limits of the United States of explosives and combustibles. Fireworks are of this character. Regulations of the Interstate Commerce Commission have been promulgated pursuant to authority so conferred. The regulations are before us.

The ordinance is in conflict with the laws of the State of Texas. The Legislature was prohibited from passing any local or special law authorizing the regulation of trade. Const. Art. 3, sec. 56, Vernon's Ann. St. The Uniform Highway Act, Vernon's Ann.Civ.St. Art. 6701d, relates to the transportation of explosives on state highways. Section 139 thereof provides for the marking of vehicles carrying explosives and authorizes the Director of Public Safety and the Railroad Commission of Texas to issue regulations on that subject and regulations have been issued. Said article provides that the Act shall apply in all political subdivisions and municipalities, and limits the powers which may be exercised by local authority in respect to streets and highways through enumeration of those which may be so exercised.

■ ■ Lawful exercise of the police power of a municipality may not be contrary to the State or the Federal Constitution or the governmental powers created thereby, because the legitimate scope of the municipal police power ends where constitutional inhibitions begin. 37 Am.Jur., p. 920, "Municipal Corporations," sec. 285, "Constitutional Limitations." A business authorized or regulated by state statute cannot be prohibited by city ordinance, and ordinances which are in conflict therewith on the same subject are necessarily void. Murphy v. Wright, Tex.Civ.App., Fort Worth 1938, 115 S.W.2d 448. Transportation of commodities incident to transactions regulated by Federal law under Constitutional control cannot be prohibited by a state or its subdivisions. Actiesselskabet Ingrid v. Central R. Co. of New Jersey, 2 Cir. 1914, 216 F. 72, L.R.A.1916B, 716; Watson Bros. Transportation Co. v. City of Omaha, D.C.Neb.1955, 132 F.Supp. 6. Both are cases upon explosives. See annotated cases having analogy in 47 Amer.St. Rep., beginning at page 536.

Several of the City's points of error are premised upon its contention that there was an undue restriction of cross-examination of Atlas Enterprises' witness Walton E. Wilfong, as to matters of expert qualification relative to explosives, etc., propensities of commodities other than fireworks, and concerning their sale, use, manufacture and transport in the city, since the court entered findings and conclusions especially based upon such testimony in support of its judgment. The City contends that the testimony was irrevelant and immaterial under the circumstances of this case, but highly prejudicial in view of the founding of the judgment upon at least a portion of the testimony. While we might be disposed to agree with the contentions of the City were it necessary to seek to affirm the judgment upon any of the findings and conclusions so made, we do not consider it necessary to test the findings and conclusions in question in the present instance. The material facts are either stipulated or in the record without dispute, and these adequately support the conclusions of law made with reference thereto, as well as the judgment entered below.

In view of the form and nature of the City's brief, its attorneys might conclude from this opinion that we failed to give due attention to every point of error presented and to all the elements thereof. In particular these points and elements embrace findings and conclusions made by the trial court of which the City complains, and requested findings and conclusions which the court refused to make.

We have attempted to carefully examine each point and element, after which we have concluded that the City's contentions should be overruled. Elaboration would, in our opinion, unduly and unnecessarily lengthen our opinion for the judgment must be affirmed in any event due to the invalidity of the ordinance in so far as it purports to prohibit the movement of fireworks in intrastate and interstate commerce.

Judgment is affirmed.