A. M. COHEN and wife, Verbie Lee
Cohen, Plaintiffs,

v.

R. C. BREDEHOEFT et al., Defendants.

Civ. A. No. 67-H-975.

United States District Court
S. D. Texas,
Houston Division.

March 22, 1968.

Presley E. Werlein, Jr., and Charles A. Easterling, Houston, Tex., for plaintiffs.

William A. Olson, City. Atty., and Joseph G. Rollins, Senior Asst. City Atty., Houston, Tex., Crawford C. Martin, Atty. Gen. of Texas, Austin, Tex., and Thomas F. Keever, Asst. Atty. Gen. of Texas, Houston, Tex., for defendants.

INGRAHAM, District Judge.

*Memorandum:*

### I.

The plaintiffs, A. M. Cohen and wife, Verbie Lee Cohen, seek by this action to have the defendants permanently enjoined from enforcing Houston Ordinance No. 8941. The plaintiffs contend that the ordinance is unconstitutional in that it discriminates against interstate commerce in violation of Art. I, Sec. 8, Cl. 3 and because it violates due process of law as guaranteed by the Fourteenth Amendment. Jurisdiction is based on 28 U.S.C. Sec. 1343(3). See also City of Houston v. Jas. K. Dobbs Co., 232 F.2d 428 (5 CA 1956).

The plaintiffs are the sole owners of Alpha Enterprises Inc. Alpha Enterprises is engaged exclusively in the wholesale fireworks business. In connection with this business it maintains several warehouses where fireworks are stored on premises owned by the plaintiffs and located within the city limits of the City of Houston. Fireworks man-

ufactured in other states and in foreign nations are purchased by the plaintiffs and are shipped in interstate commerce to the plaintiffs' place of business where they are stored for varying amounts of time. The fireworks are then resold in their original packages to purchasers within and without the state of Texas. The plaintiffs sell approximately forty percent of their fireworks outside of Texas. Alpha Enterprises is a licensed distributor of fireworks under the provisions of Art. 1725, Vernon's Annotated Texas Penal Code.

Named as defendants in this proceeding are the City of Houston, its Fire Marshal, R. C. Bredehoeft, its Fire Chief, W. O. Hunter, and Crawford Martin, Attorney General of the State of Texas.

■ The City of Houston is a home rule city which is empowered by Art. 1068(7), Vernon's Ann.Tex.Civ.St., to prohibit the keeping of buildings for the storing of gun powder and other combustible explosive or dangerous materials. Alpha Enterprises, Inc. v. City of Houston, 411 S.W.2d 417 (Tex.Civ.App., Houston 1967, writ ref'd n. r. e.), cert. denied, 389 U.S. 1005, 88 S.Ct. 565, 19 L.Ed.2d 601 (1967). Pursuant to this authorization, the City of Houston passed on June 24, 1953, the ordinance being attacked in this proceeding. The pertinent section of Ordinance No. 8941 provides, in part, as follows:

"The presence of any fireworks within the jurisdiction of the city in violation of this article is hereby declared to be a common and public nuisance. The fire marshal is directed and required to seize and cause to be safely destroyed any fireworks found within the jurisdiction in violation of this article and any member of the fire prevention division of the fire department of the city or any police officer of the city or any other duly constituted peace officer is empowered to stop the transportation of and detain any fireworks found being transported illegally or to close any building where any fireworks are found stored illegally until the fire marshal can be notified in order that such fireworks may be seized and destroyed in accordance with the terms of this section."

The circumstances leading to the passage of Ordinance No. 8941 are relevant to this proceeding. On June 5, 1953, there was a fire and explosion on the premises of the Alco Fireworks and Specialty Company. As a result of this fire, four people were killed, including two children, and ninety-six were injured. The owner of the Alco Fireworks and Specialty Company was the same A. M. Cohen who is. a plaintiff in the case now before the court. Nineteen days after the disastrous fire and as a direct consequence of it, Ordinance No. 8941 was passed by the City Council.

## II.

The plaintiffs assert that enforcement of Ordinance No. 8941 should be permanently enjoined because the ordinance imposes an unconstitutional burden on interstate commerce.

■ Numerous Supreme Court decisions have made it clear that the commerce clause does not, by itself, exclude the states from legislating on matters relating to the health, life and safety of their citizens even though such legislation might indirectly affect interstate commerce. Head v. New Mexico Board, 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963); Huron Portland Cement Co. v. City of Detroit, 362 U.S. 440, 80 S.Ct. 813, 4 L.Ed.2d 852 (1960). In the exercise of its police power, a state and its political subdivisions may enact legislation reasonably appropriate to the accomplishment of legitimate ends provided that such legislation does not conflict directly with an act of Congress and further provided that the matter regulated, because of its essentially local nature, has not been preempted from state action. Breard v. City of Alexandria, 341 U.S. 622, 633–637, 71 S.Ct. 920, 95 L.Ed. 1233 (1951); Southern Pacific Co. v. Arizona, 325 U.S. 761, 766–768, 65 S.Ct. 1515, 89 L.Ed. 1915 (1945). This is true though the exercise of the

police power may materially affect interstate commerce. Parker v. Brown, 317 U.S. 341, 360, 63 S.Ct. 307, 87 L.Ed. 315 (1943). One additional significant limitation on a state's police power is that it may not be used for the purpose of promoting its own local economic advantages. H. P. Hood & Sons v. Du Mond, 336 U.S. 525, 69 S.Ct. 657, 93 L.Ed. 865 (1949).

Applying the foregoing general principles to the facts of the instant case, the ultimate question is whether the state's interest is outweighed by a national interest in the unhampered interstate commerce in fireworks. People of State of California v. Zook, 336 U.S. 725, 728, 69 S.Ct. 841, 93 L.Ed. 1005 (1949). The answer must be in the negative.

Houston's tragic experience with fireworks explosions clearly demonstrated the need and reasonableness of an ordinance of the type now being challenged. The ordinance treats all fireworks distributors, whether local or foreign, equally and its affect on interstate commerce is incidental to its primary purpose of protecting the public. Under the circumstances, Ordinance No. 8941 cannot be said to impose an undue burden on interstate commerce. Standard Oil Co. v. City of Marysville, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856 (1929); Pierce Oil Corp. v. City of Hope, 248 U.S. 498, 39 S.Ct. 172, 63 L.Ed. 381 (1919).

City of Fort Worth v. Atlas Enterprises, 311 S.W.2d 922 (Tex.Civ.App., Fort Worth 1958, writ ref'd, n. r. e.), is heavily relied on by the plaintiffs. The case is distinguishable on two grounds. First, the court was concerned solely with the validity of a prohibition against the *transportation* of fireworks within the city. (311 S.W.2d at 925). Compare Parker v. City of Fort Worth, 281 S.W.2d 721 (Tex.Civ.App., Fort Worth 1955, no writ), and Stoughton v. City of Fort Worth, 277 S.W.2d 150 (Tex.Civ.App., Fort Worth 1955, no writ). Second, and more important, in the Atlas case, supra, the city produced no evidence of any injury resulting from the presence of fireworks within the city (311 S.W.2d at 925). In the case at bar, in contrast, there is more than ample evidence of the dangers presented by the plaintiffs' fireworks business.

Certain Federal statutes and regulations prescribe rules governing transportation, packaging and labeling of fireworks shipped in interstate commerce.[1] A careful examination of these provisions convinces me that there is no conflict between Ordinance No. 8941 and the Federal statutes and regulations. See Double-Eagle Lubricants, Inc. v. State of Texas, 248 F.Supp. 515 (N.D. Tex.1965), appeal dismissed, 384 U.S. 434, 86 S.Ct. 1601, 16 L.Ed.2d 670 (1966). Moreover, there is no reason to suppose that Congress intended to preempt the states from legislating in this area. On the contrary, 18 U.S.C. Sec. 836 indicates an intent to encourage state legislation regulating fireworks.[2] The requirement that congressional intent to displace local laws must be clearly manifested is obviously not satisfied in this case. People of State of California v. Zook, 336 U.S. 725, 733, 69 S.Ct. 841, 93 L.Ed. 1005 (1949).

### III.

The plaintiffs also attack Ordinance No. 8941 on the grounds that it denies them due process of law as guaranteed by Section 1 of the Fourteenth Amend-

---

1. 15 U.S.C. Sec. 1261(q) (1); 46 U.S.C. Sec. 170; 18 U.S.C. Sec. 836; 49 C.F.R. Sec. 73.108.

2. 18 U.S.C. Sec. 836 provides, in part, as follows:
   "Whoever, otherwise than in the course of continuous interstate transportation through any State, transports fireworks into any State, or delivers them for transportation into any State, or attempts so to do, knowing that such fireworks are to be delivered, possessed, stored, transshipped, distributed, sold, or otherwise dealt with in a manner or for a use prohibited by the laws of such State specifically prohibiting or regulating the use of fireworks, shall be fined not more than $1,000 or imprisoned not more than one year, or both."

ment of the United States Constitution. Specifically, the plaintiffs assert that the ordinance discriminates unduly by declaring fireworks to be a public nuisance while making no provision for other dangerous explosives such as dynamite, perforating guns, etc. Plaintiffs further argue that the ordinance is discriminatory in that it does not allow for the continuation of nonconforming uses existing at the time the ordinance became applicable. In support of this argument, the plaintiffs introduced into evidence a myriad of Houston ordinances permitting such nonconforming uses.

An exercise by the state of its police power is presumed to be valid when it is challenged under the due process clause. Bibb v. Navajo Freight Lines, 359 U.S. 520, 529, 79 S.Ct. 962, 3 L.Ed.2d 1003 (1959). A party attacking an ordinance on this basis has the burden of establishing its invalidity beyond reasonable doubt. Standard Oil Co. v. City of Gadsden, 263 F.Supp. 502 (N.D.Ala.1967). Questions involving the reasonableness, wisdom and propriety of such ordinances are not for the determination of the courts, but for the legislature. Standard Oil Co. v. City of Marysville, 279 U.S. 582, 584, 49 S.Ct. 430, 73 L.Ed. 856 (1929).

The classic test of the validity of an exercise of the police power under the due process clause is stated in the following manner:

"To justify the state in * * * interposing its authority in behalf of the public, it must appear—First, that the interests of the public * * * require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals." Goldblatt v. Town of Hempstead, 369 U.S. 590, 594–595, 82 S.Ct. 987, 990, 8 L.Ed.2d 130 (1962).

I find that the plaintiffs have failed to establish the invalidity of Ordinance No. 8941 under the test set out in the Goldblatt case, supra. The 1953 explosion and fire at the Alco Fireworks and Specialty Company is clear evidence of the need for legislation regulating the storage of fireworks. Moreover, Ordinance No. 8941 represents a reasonably appropriate means of protecting the citizens of Houston from future holocausts caused by fireworks. This determination is amply supported by Texas cases dealing with similar ordinances.[3]

The fact that the city has chosen to regulate fireworks and not other types of dangerous explosives does not violate due process. The rule is succinctly stated in Hughes v. Superior Court, 339 U.S. 460, 468, 70 S.Ct. 718, 723, 94 L.Ed. 985 (1950), where the Supreme Court wrote:

"A State may 'direct its law against what it deems the evil as it actually exists without covering the whole field of possible abuses, and it may do so none the less that the forbidden act does not differ in kind from those that are allowed.'"

Likewise, I consider it improper for me to rule on the wisdom of the city's refusal to make a provision for the continuation of nonconforming uses existing at the time the ordinance became applicable. This is a matter for the City Council. Standard Oil Co. v. City of Marysville, 279 U.S. 582, 584, 49 S.Ct. 430, 73 L.Ed. 856 (1929).

I therefore hold that Ordinance No. 8941 is not violative of due process as guaranteed by the Fourteenth Amendment.

IV.

Finally, the plaintiffs attack Ordinance No. 8941 on the grounds that it conflicts with Art. 1725, Texas Penal Code, and is thus void. This contention

---

3. Treadgill v. State, 160 Tex.Cr.R. 658, 275 S.W.2d 658 (1954); Ex parte Clark, 139 Tex.Cr.R. 385, 140 S.W.2d 854 (1940); Parker v. City of Fort Worth, 281 S.W.2d 721 (Tex.Civ.App., Fort Worth, 1955, no writ); Stoughton v. City of Fort Worth, 277 S.W.2d 150 (Tex.Civ. App., Fort Worth 1955, no writ); Cannon v. City of Dallas, 263 S.W.2d 288 (Tex. Civ.App., El Paso 1953, writ ref'd, n. r. e.)

is without merit for two reasons. First, the same argument was made in the state court and it was rejected in a suit involving the same parties as are now before this court. Alpha Enterprises, Inc v. City of Houston, 411 S.W.2d 417 (Tex. Civ.App., Houston 1967, writ ref'd, n. r. e.), cert. denied, 389 U.S. 1005, 88 S.Ct. 565, 19 L.Ed.2d 601 (1967). Second, this argument is expressly foreclosed by the terms of Section 14 of Art. 1725, supra.[4]

### V.

To conclude, I find Ordinance No. 8941 to be without constitutional infirmity. I further find that a permanent injunction should be denied.

4. Section 14 of Art. 1725, V.A.T.S., provides, in part, as follows:
"Provided, however, that nothing herein shall be construed to limit or restrict the powers of cities, towns or villages as defined and delegated by Title 28, Revised Civil Statutes of Texas, to enact ordinances prohibiting or imposing further regulations on fireworks; and provided, however, that any ordinance or ordinances heretofore enacted by any city under the authority of the above mentioned Title shall remain in full force and effect until thereafter amended by such city."