

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 2, 1969

Mr. Charles Murphy
Director
Texas Aeronautics Commission
204 West 16th
Austin, Texas 78701

Opinion No. M-460

Re: House Bill No. 823, Ch. 424, p. 1393,
Acts 61st Legislature, R.S., 1969;
questions relating to jurisdiction
of the Texas Aeronautics Com-
mission to regulate intra-city
for-hire air transportation

Dear Mr. Murphy:

Your recent letter requested this office's opinion on the following two questions:

1. Does the Texas Aeronautics Commission have juris-
diction to accept an application for a Certificate of
Public Convenience and Necessity, hold appropriate
hearings, and grant or refuse the Certificate of Public
Convenience and Necessity to scheduled air carriers
whose points of departure and destination are solely
within the boundaries of a city or town and whose flight
path does not exceed such boundaries?

2. If the Texas Aeronautics Commission has previously
granted a Certificate of Public Convenience and Necessity
to carriers whose routes include points of departure
and destination solely within a city or town, and if a
carrier who operates solely within such city or town
as described above competes with the certificate holder,
does the Commission have jurisidction to seek legal
sanction against the intra-city carrier to protect the routes
granted the certificate holder?

Your question also states that the frame of reference in which these questions
are to be answered is that which will exist after September 1, 1969, which is
the effective date of House Bill 823, Chapter 424, page 1394, Acts of the 61st
Legislature, R.S., 1969, and which amends Vernon's Texas Civil Statutes, Articles
46c-1 through 46c-8.

- 2281 -

With respect to your first question, it appears that the Texas Aeronautics Commission does have jurisdiction over the type of air traffic to which you refer. This determination is based upon an interpretation of the statutory language employed in House Bill No. 823 and upon the legal conclusion that House Bill No. 823 subordinates, so far as for-hire air transportation is concerned, the general power of cities to regulate commerce within their boundaries.

Subdivision 3 (b) of Section 6 of House Bill No. 823 provides:

"No air carrier shall operate as such, after this act goes
into effect, without having first obtained from the Commission
a Certificate of Public Convenience and Necessity pursuant to
a determination by the Commission that its proposed service
is in the interest of public convenience and necessity;" [Emphasis added.]

The term "air carrier" is defined in Section 1 (e) to mean:

"Every person owning, controlling, operating or managing
any aircraft as a common carrier in the transportation of
persons or property for compensation or hire which con-
ducts all or part of its operations in the State of Texas." [Emphasis added.]

Section 6 does exempt from the definition of "air carrier" and from the effect of the Act those air carriers which operate within the state pursuant to the provisions of a certificate issued by the Civil Aeronautics Board under the Federal Aviation Act. However, there is no exemption in this Section, or any other section of House Bill No. 823, which would remove from the effect of the Act those air carriers solely on the basis of their operations being confined wholly within the boundaries of a city or town.

It is noted that the exemption of intra-city operations from the State's power to regulate commercial transportation is not unfamiliar to our Legislature. Both the Motor Bus Act, Article 911a, Vernon's Civil Statutes, and the Motor Carrier Act, Article 911b, Vernon's Civil Statutes, clearly exempt intra-city operations. The Motor Bus Act provides that the term "motor-bus company" shall not include those persons operating motor propelled passenger vehicles "wholly within the limits of any incorporated town or city and the suburbs thereof, whether sepa-rately incorporated or otherwise." The Motor Carrier Act provides that the term "motor carrier" shall not be included and "this act shall not apply to motor vehicles operated exclusively within the corporate limits of cities or towns." As was men-tioned, no such exemption appears in the Texas Aeronautics Act; indeed, it appears that even a city in undertaking for-hire air transportation operations would fall within the jurisidction of the Texas Aeronautics Commission. This is so because Section 1 (a) defines the term "person" to include "any body politic" and

the definition of "air carrier", as set out above, employs the term "person". Certainly if the city itself would fall within the Commission's jurisidction, then a private entity operating as an air carrier should not be exempt from the Commission's jurisdiction simply because its operations are confined wholly within the city's limits.

The fact that the Texas Aeronautics Commission has jurisdiction over intra-city commercial air transportation undertaken by any person, including the city itself, is not repugnant to the city's power of local government. While Article 11, Section 5 of the Constitution of Texas and Article 1175, Vernon's Civil Statutes, confer broad governmental powers, both express and implied, upon the cities within our State, it is clear that those powers may be subordinated to general acts of the State Legislature. Municipalities have no power to prohibit, restrain or otherwise impair the activities regulated by State law, City of Fort Worth v. McDonald, 293 S.W. 2d 256 (Tex. Civ. App., 1956, err. ref. n.r.e.); City of Fort Worth v. Atlas Enterprises, 311 S.W. 2d 922 (Tex. Civ. App., 1958, err. ref. n.r.e.); Prescott v. City of Borger, 158 S.W. 2d 578 (Tex. Civ. App., 1942, err. ref.).

Your second question is also answered in the affirmative. This affirmative response does not arise solely from the fact that there exists a possibility of encroachment upon any right or privilege granted a certificated carrier by the Commission. Rather, the power of the Commission to seek legal recourse against those who fail to comply with the act or any rules, regulations or orders promulgated by the Commission in pursuance of the act is specifically set out in the statute. Subdivision 3 (f) of Section 6 provides that

> "Upon violation of any provision of this act or upon the violation of any rule, regulation, order or decree of the Commission. . . any district court of any county where such violation occurs shall have the power to restrain and enjoin the person. . . so offending from further violating the provisions of this act or from further violating any rules, regulations, orders and decrees of the Commission. Such injunctive relief may be granted upon the application of the Commission. . ."

While the rights conferred by a certificate issued by the Commission to air carriers may be considered, it is clear that the power to initiate legal proceedings to enforce the provisions of the Act is a plenary power granted the Commission in order that it might effectively regulate and control for-hire air transportation within this State. This power is not dependent upon, or in any way related to, the protection of private rights or privileges conferred by a Certificate of Public Convenience and Necessity.

## SUMMARY

1. The Texas Aeronautics Commission has jurisdiction to regulate for-hire air transportation wholly confined within the limits of any city or town.

2. The Texas Aeronautics Commission has the power to seek injunctive relief against any person, as that term is defined within the act, who violates any provision of the act, or who violates any of the rules, regulations or orders promulgated by the Commission in pursuance of the act.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James M. Mabry
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Roland Allen
Sam Jones
Ralph Rash
Harold Kennedy

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant