ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 10, 2012

The Honorable René O. Oliveira
Chair, Committee on Land and Resource
  Management
Texas House of Representatives
Post Office Box 2910
Austin, Texas  78768-2910

Opinion No.  GA-0980

Re:  Whether a "project duration ordinance" adopted by the City of Austin contravenes section 245.005 of the Local Government Code  (RQ-1070-GA)

Dear Representative Oliveira:

You inquire about a potential conflict between the City of Austin's Project Duration Ordinance ("Ordinance") and chapter 245 of the Local Government Code.[1]  You contend that the Ordinance violates chapter 245 by establishing expiration criteria for building projects that differ from the expiration criteria specified in chapter 245.  Request Letter at 3–4.  The Ordinance provisions about which you ask are contained in the Austin City Code as sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3).[2]  *See* Request Letter at 3.  Section 25-1-533(B) provides that:

> [i]f a building permit for a building shown on a site plan or a notice of construction expires before construction begins, the project, including the preliminary subdivision plan, expires.  If all building permits are not obtained or a notice of construction is not filed within the time periods contained in . . . [section] 25-1-535 . . . , the project, including the preliminary subdivision, expires.

AUSTIN CITY CODE § 25-1-533(B).  Section 25-1-535(B)(4) applies in the City's "Drinking Water Protection Zone" and provides that:

---

[1] *See* Letter from Honorable René Oliveira, Chair, House Comm. on Land & Res. Mgmt., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (June 22, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2] The City of Austin informs us that it does not enforce certain provisions of the Ordinance. *See* Brief from Brent D. Lloyd, Assistant City Att'y, City of Austin Law Dep't at 2 (July 30, 2012) (attaching affidavit of Greg Guernsey, Dir. of Planning & Dev. Review, which identifies provisions no longer enforced) ("City of Austin Brief").  The provisions the City asserts it still enforces are the same provisions that you specifically cite to in your request letter.  Thus, we assume that you are concerned about only sections 25-1-533(B), 25-1-535(B)(4), and 25-1-535(C)(3) of the Austin City Code.  *See* AUSTIN, TEX., AUSTIN CITY CODE ch. 25-1, art. 12, §§ 25-1-533(B), 25-1-535(B)(4), (C)(3) (2012).

> [a]n application for a project for which the first application was filed on or after September 6, 1997, may comply with original regulations if all building permits are approved and a notice of construction is filed within three years of the date the first application is filed.

*Id.* § 25-1-535(B)(4).  Section 25-1-535(C)(3) applies in the City's "Desired Development Zone" and provides that:

> [a]n application for a project for which the first application is filed on or after September 6, 1997, may comply with original regulations if all building permits are approved and a notice of construction is filed within five years of the date the first application is filed.

*See id.* § 25-1-535(C)(3).[3]

Home-rule cities, such as Austin, derive their powers from the Texas Constitution.  TEX. CONST. art. XI, § 5; TEX. LOC. GOV'T CODE ANN. § 51.072 (West 2008).  They possess "the full power of self government and look to the Legislature not for grants of power, but only for limitations on their power."  *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993).

The Texas Constitution prohibits a city ordinance from containing "any provision inconsistent with . . . the general laws enacted by the Legislature of this State."  TEX. CONST. art. XI, § 5(a); *see also City of Fort Worth v. Atlas Enters.*, 311 S.W.2d 922, 924 (Tex. Civ. App.—Fort Worth 1958, writ ref'd n.r.e.) (discussing severability of municipal ordinances and stating that "[a] municipal ordinance may be void as to some of its provisions and valid as to others").  A court would not invalidate an ordinance as inconsistent with a statute unless the court can reach no reasonable construction that leaves both the ordinance and the statute in effect.  *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002).  Nevertheless, "an ordinance which conflicts or is inconsistent with state legislation is impermissible."  *City of Brookside Vill. v. Comeau*, 633 S.W.2d 790, 796 (Tex.), *cert. denied*, 459 U.S. 1087 (1982).

Chapter 245 of the Local Government Code is a legislative limit on cities' home-rule power to regulate construction and development within their jurisdiction.  The statute "prohibit[s] land-use regulators from changing the rules governing development projects 'in the middle of the game,' thereby insulating already underway development and related investment from the vicissitudes and uncertainties of regulatory decision making and all that may influence it."  *Harper Park Two, LP v. City of Austin*, 359 S.W.3d 247, 250 (Tex. App.—Austin 2011, pet. denied).  Subsection 245.002(b) provides that "[i]f a series of permits is required for a project, the orders, regulations,

---

[3]The Municipal Code defines "Drinking Water Protection Zone" as "the areas within the Barton Springs Zone, the Barton Creek watershed, all water supply rural watersheds, and all water supply suburban watersheds . . . that are in the planning jurisdiction."  *Id.* § 25-1-21(30).  The "Desired Development Zone means the area not within the drinking water protection zone."  *Id.* § 25-1-21(26).

ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time the original application for the first permit in that series is filed shall be the sole basis for consideration of all subsequent permits required for the completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.002(b) (West 2005). The effect of the statute is that "once an application for the first permit required to complete a property-development 'project' is filed with the municipality or other agency that regulates such use of the property, the agency's regulations applicable to the 'project' are effectively 'frozen' in their then-current state and the agency is prohibited from enforcing subsequent regulatory changes to further restrict the property's use." *Harper Park Two, LP*, 359 S.W.3d at 248–49.

Section 245.005, entitled "Dormant Projects," authorizes cities to enact ordinances that expire projects when "no progress has been made towards completion of the project." TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005); *see id.* § 245.005(c) (providing a list of factors used to determine whether progress is being made toward the completion of a project). A project's "expiration" necessarily results in the project losing the "frozen" rights granted by chapter 245. Although the Legislature has permitted cities to expire projects that meet the statutory criteria for dormancy, it has not provided any further authority under which cities may cause a project to lose the rights granted by chapter 245. As a result, any project expiration ordinance that does not comport with section 245.005's dormancy criteria conflicts with chapter 245.

Section 245.005 provides:

> Notwithstanding any other provision of this chapter, any ordinance, rule, or regulation enacted pursuant to this section shall place an expiration date on a project of no earlier than the fifth anniversary of the date the first permit application was filed for the project if no progress has been made towards completion of the project.

*Id.* § 245.005(b). Under the Ordinance, a project's expiration date could be sooner than five years after the filing of the first permit application. AUSTIN CITY CODE § 25-1-533(B). Under the statute, however, a project's expiration date must be no earlier than five years after the filing of the first permit application. TEX. LOC. GOV'T CODE ANN. § 245.005(b) (West 2005). Thus, the Ordinance's expiration periods conflict with those of the statute. Similarly, under the Ordinance, a project would expire if "all building permits are not obtained or a notice of construction is not filed within the time periods" established by the city. AUSTIN CITY CODE § 25-1-533(B). However, under the statute, a project may not expire unless it meets the dormancy criteria contained in section 245.005. TEX. LOC. GOV'T CODE ANN. § 245.005(c)(2) (West 2005). The failure to obtain all building permits or file a notice of construction within a time period set by the city is not one of the criteria set forth in section 245.005. Thus, the Ordinance's criteria for expiring a project conflicts with that of the statute. *See In re Sanchez*, 81 S.W.3d at 796.[4]

---

[4]Briefing we received in connection with your request argues that subsection 245.002(a)'s reference to "expiration dates" implicitly authorizes a regulatory agency to impose expiration dates on permits. *See* City of Austin

(continued...)

Accordingly, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire sooner than it would under the provisions of section 245.005 of the Local Government Code.  Likewise, a court would likely conclude that the Ordinance is void to the extent it causes a project to expire regardless of whether the project meets the section 245.005 criteria for progress towards completion of the project.[5]

---

[4](...continued)
Brief at 3; Brief from Scott N. Houston, General Counsel, Texas Municipal League at 2 (Aug. 9, 2012).  No Texas court has addressed this issue, and we need not address it here.  The argument is unavailing to our consideration because the Ordinance results in the expiration of projects, not permits.  The rights guaranteed to projects by chapter 245 continue to apply regardless of the expiration of individual permits within a project.

[5]It has been suggested in briefing submitted to this office that, because the Ordinance became effective on September 6, 1997, it is in violation of sections 2 and 3(a) of House Bill 1704 enacted in 1999.  *See* Brief from Andrew Weber, Kelly Hart & Hallman, on behalf of the Real Estate Council of Austin at 2–4 (June 29, 2012).  *See also* Act of Apr. 29, 1999, 76th Leg., R.S., ch. 73, §§ 1(a), 2, 1999 Tex. Gen. Laws 431, 432, 434 (eff. May 11, 1999) (finding that former subchapter I, chapter 481 of the Government Code "was inadvertently repealed" and adding chapter 245).  House Bill 1704 provides that chapter 245 applies retroactively to a "project in progress on or commenced after September 1, 1997" and that "any actions taken by a regulatory agency for the issuance of a permit, as those terms are defined by Section 245.001, Local Government Code, . . . after that repeal and before the effective date of this Act, shall not cause or require the expiration or termination of a project, permit, or series of permits to which Section 2 of this Act applies."  *Id.* §§ 2, 3(a).  We do not address the question because we have concluded that the Ordinance conflicts with chapter 245.

## S U M M A R Y

A court would likely conclude that the Ordinance provisions about which you ask are void because they conflict with chapter 245 of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee